## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

CHERYL GUDZ,

    Plaintiff,

v.

ISLANDS ENTERTAINMENT LLC,

    Defendant.

Civil Action No. 2:22-cv-00249-RWS-JCF

JURY TRIAL DEMANDED

## **COMPLAINT FOR DAMAGES**

COMES NOW, Cheryl Gudz ("Plaintiff" or "Ms. Gudz"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Ms. Gudz brings this action for damages, and reasonable attorney fees against Defendant Islands Entertainment LLC ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

1

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 24, 2022; the EEOC issued its Notice of Right to Sue on October 25, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Ms. Gudz is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII.

9.

Defendant is covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

10.

Defendant is governed by and subject to the Equal Pay Act, 29 U.S.C. § 206(d) and § 215(a)(3).

11.

Plaintiff is a Female citizen of the United States of America and a resident of the State of Georgia and at all times relevant to the claims brought in this case, Plaintiff was an "employee" of Defendant as defined under the EPA.

12.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Margaritaville at Lanier Islands, located at 7650 Lanier Islands Pkwy, Buford, GA, 30518.

## FACTUAL ALLEGATIONS

13.

Ms. Gudz began working for Defendant on or about February 1, 2018.

14.

Ms. Gudz started as an Administrative Assistant supporting Harris Seabolt, who was the Maintenance Manager at the time.

15.

On or around October 1, 2018, Seabolt was terminated, and Jay Hughes was promoted into the Maintenance Manager position.

16.

Ms. Gudz was the only Maintenance employee who was a woman besides the housekeeping staff and her supervisor.

17.

On February 10, 2022, Ms. Gudz began performing the Maintenance Manager duties because Hughes went on personal leave.

18.

After February 10, 2022, Ms. Gudz performed the duties of both the Administrative Assistant and Maintenance Manager positions.

19.

Administrative Assistants do paperwork, match invoices, do administrative coding, and answer emails and print them off and give them to their managers, among other tasks.

20.

The Maintenance Manager gives assignments to the Maintenance Staff, finds parts the Maintenance Staff needs in order to do their tasks, and interfaces with other departments, among other tasks.

21.

As part of her new role, Ms. Gudz was required to work forty-five (45) hour work weeks.

22.

Ms. Gudz was not paid at the rate that Hughes was paid for performing the work of the Maintenance Manager Position.

23.

Ms. Gudz originally made $16 an hour when she was instructed to do the Maintenance Manager's job duties by Vice President Alvin "Bucky" Perry.

24.

On or about April 25, 2022, Ms. Gudz's pay was raised to $17 an hour.

25.

On June 6, 2022, Ms. Gudz's pay was raised to $19.00 an hour.

26.

Although Ms. Gudz was told she would be compensated for her health insurance she never was.

27.

Hughes had been making over $65,000 a year.

28.

A previous RV manager had been making at least $60,000 a year.

29.

That employee is or was a man.

30.

All managers besides Ms. Gudz were paid a salary instead of an hourly wage.

31.

When Ms. Gudz was given the Maintenance Manager duties, some of the maintenance employees, who were all men, said they would quit if she was made manager.

32.

Ms. Gudz went on vacation for the July 4th, 2022, holiday.

33.

Someone apparently complained that Ms. Gudz had taken a vacation.

34.

Ms. Gudz returned to work on July 5, 2022.

35.

The wireless router had been ripped out of the wall.

36.

Two chairs had been damaged.

37.

Everything on Ms. Gudz's board she used had been erased.

38.

During the time in which Ms. Gudz was Maintenance Manager, employees would draw things like swastikas, penises, and crude sexual jokes on the board.

39.

When Ms. Gudz would go to the bathroom, male employees would put their fingers under the bathroom door.

40.

When Ms. Gudz would report the conduct to Vice President Perry, he would tell her that he did not want to know about "any of that stuff."

41.

Perry called Ms. Gudz and told her that "the gossiping needed to stop."

42.

Perry told Ms. Gudz that she needed to "get the guys" under control.

43.

Perry told Ms. Gudz that her subordinates did not like the fact that she would go to Perry with issues that Ms. Gudz or her subordinates were having.

44.

Perry said that if she could not "get the guys under control" then he would take away her raises.

45.

Perry also told Ms. Gudz that if she could not "get the guys under control," he would hire another manager.

46.

Perry then said that if he had to hire another manager, it was not going to be another woman.

47.

On July 7, 2022, Perry fired Ms. Gudz.

48.

On Ms. Gudz's separation notice, the reason for her termination was listed as "Resignation - Voluntary."

49.

Afterwards, Defendant offered Ms. Gudz a severance package.

50.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Ms. Gudz was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., female.

**CLAIMS FOR RELIEF**

**COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

51.

Ms. Gudz re-alleges paragraphs 13 through 50 as if set forth fully herein.

52.

Defendant's actions in subjecting Ms. Gudz to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

53.

Defendant has willfully and wantonly disregarded Ms. Gudz's rights, and its discrimination against Plaintiff was undertaken in bad faith.

54.

The effect of the conduct complained of herein has been to deprive Ms. Gudz of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

55.

Specifically, the Defendant failed to promote and then terminated Ms. Gudz because of her gender.

56.

As a direct and proximate result of Defendant's violation of Title VII, Ms. Gudz has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

57.

Accordingly, Defendant is liable for the damages Ms. Gudz has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  VIOLATION OF THE EQUAL PAY ACT

58.

Plaintiff re-alleges paragraphs 13 through 50 as if set forth fully herein.

59.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing equal work.

60.

Plaintiff received substantially less compensation than male employees with less experience than her, because of her sex.

61.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

62.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and

prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory

rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting

Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which Plaintiff may be entitled.

Respectfully submitted this 15th day of December 2022.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*

P.O. Box 530092                             Ianna O. Richardson
Atlanta, Georgia 30353                      Georgia Bar No. 655153
(404) 214-0120
ianna@justiceatwork.com                     *Attorney for Cheryl Gudz*